IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICK ADAM TRUJILLO,

    Petitioner,

v.                                                         Civ. No. 13-618 JCH/GBW

GERMAN FRANCO, THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1.* I find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. I recommend that Petitioner be given thirty days to voluntarily dismiss his unexhausted claim. If, within thirty days, Petitioner does not elect to dismiss the unexhausted claim, I recommend dismissing his petition without prejudice.

**I.**     **BACKGROUND**

    **A.**     **The Underlying Action**

The underlying criminal conviction challenged in this case is for criminal sexual contact with a minor in the third degree, for which Petitioner received an eight year enhancement for being a habitual offender. *Doc. 1* at 1, *doc. 8* Ex. D. On or about January 28-29, 2008, Petitioner caused a minor child, the daughter of his girlfriend, to

touch him a sexually intimate manner. *Doc. 8*, Ex. F. At a pretrial hearing held on April 27, 2009, the prosecution requested that the court excuse the case agent, Detective Randy Pitcock, from appearing at trial. *Id.* This request was granted. *Id.* A jury trial was held in the Ninth Judicial District Court on May 1, 2009, at the conclusion of which Petitioner was convicted of committing criminal sexual contact with a minor. *Id.* He was initially sentenced to a term of 23 years in prison, which included sentencing enhancements because Petitioner was a habitual offender. *Id.*, Exs. B, D.

    B.    **Petitioner's State Level Direct Appeal**

On March 23, 2010, Petitioner filed an appeal in which he argued: (1) the trial court's refusal to compel the presence of Detective Pitcock, deprived Petitioner of the ability to cross-examine him; (2) the trial court's refusal to compel the presence of Detective Pitcock deprived Petitioner of the ability to present his defense and of a fair trial; (3) the failure of the prosecution to produce another witness, Sylvia Montano, deprived Petitioner of a fair trial; (4) the failure of the prosecution to produce another witness, Sylvia Montano, deprived Petitioner of exculpatory evidence; (5) there was insufficient evidence to sustain a conviction; (6) that the assessment of his crime as criminal sexual contact of a minor in the second degree was incorrect. *Id.*, Exs. C, E, F. The Court of Appeals denied each of these claims except for the assessment of the degree of his crime, agreeing with Petitioner that he had committed criminal sexual contact in the third, not second, degree. *Id.* Ex. N. Petitioner appealed this ruling to the

2

New Mexico Supreme Court, challenging the appellate decisions on the basis that (1) the absence of Detective Pitcock from the trial deprived Petitioner of his state and federal right to confrontation and (2) his federal and state constitutional due process rights were violated because the prosecution did not produce sufficient evidence to sustain a conviction. *Id.* Ex. O. This petition was dismissed by the Supreme Court on July 19, 2012. *Id.* Ex. P. The government filed a petition for writ of certiorari as to the assessment of Petitioners crime, against which Petitioner filed a cross petition. *Id.* Exs. Q, R. The New Mexico Supreme Court also denied these petitions, on August 1, 2012. Ex. T. The matter was remanded by the Supreme Court, and Petitioner's sentence was reduced to 14 years on October 10, 2012. *Id.* at Exs. C, U. Respondents stipulate that Petitioner is currently incarcerated. *Id.* at 2.

    **C.**    **Petitioner's State Habeas Proceedings**

Petitioner filed his initial state habeas petition in the Ninth Judicial District on February 18, 2013, presenting eight grounds: (1) new evidence; (2) ineffective assistance of counsel on the basis of the victim's alleged recanting of her version of events; (3) inability to confront Officer Pitcock because he did not testify the trial; (4) inability to cross examine another (unnamed) key witness at trial; (5) inability to present past evidence of the victim's untruthfulness; (6) being convicted on hearsay evidence alone; (7) challenging his sentence enhancement because of his habitual offender status; (8) being convicted without physical evidence of his crime. *Id.,* Ex. V. Judge Stephen

3

Quinn summarily denied the petition on March 29, 2013. *Id., Ex. W.* Petitioner filed his petition for writ of certiorari from the New Mexico Supreme Court on April 23, 2013. In this petition he raised three grounds: (1) trial court error in not compelling Detective Pitcock to appear at Petitioner's trial; (2) trial court error in permitting the trial to go forward based in part on the allegedly unreliable testimony of the victim; (3) trial court error in failing to admit impeachment evidence regarding the victim; (4) ineffective assistance of counsel at trial and on appeal. *Id., Ex. X.* The petition was denied on May 8, 2013. *Id., Ex. Y.*

## II.     PETITIONER'S CLAIMS

In his federal habeas petition, Petitioner sets forth four claims as grounds for relief:

1. Violation of Petitioner's Sixth and Fourteenth Amendment rights because the trial court refused to compel Detective Pitcock's appearance and testimony;

2. Ineffective assistance of counsel for:
    a. Failing to cause Detective Pitcock and Sylvia Montano to appear and testify; and
    b. Failing to raise impeachment evidence against the victim.

3. Violation of Petitioner's Fourteenth Amendment rights because there was insufficient evidence to support his conviction.

4. New evidence demonstrating actual innocence because the victim has subsequently recanted.

*See generally doc. 1.*

**III.    ANALYSIS**

    **A.    The Exhaustion Requirement**

A federal court cannot grant a petition for habeas corpus under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[1]  28 U.S.C. § 2254(b)(1)(A).  A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile.  *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).  Of these claims, Defendant concedes that Petitioner has exhausted Ground 1 as to Defendant Pitcock, as well as Grounds 2 and 3.  *Doc. 8* at 5-6.  But Defendant contends that Petitioner has failed to exhaust Ground 1 as to Ms. Montano and Ground 4 entirely.  *Id.* at 5-7.  In response, Petitioner has voluntarily dismissed his Ground 1 claim against Ms. Montano, concedes that Ground 4 is unexhausted, and appears to suggest that he would accept this Court finding Ground 4 either barred or abandoned while proceeding to adjudicate the remaining exhausted claims.  *Doc. 9* at 1-2.  However, Petitioner also contends that this claim should potentially be treated as exhausted because he raised it in appellate court, if not in his New Mexico Supreme Court petition.  *Id.*

---

[1] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

5

### B. Treatment of a Mixed Petition

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, it is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). When a petition is mixed, the Court has four options: it can "(1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

I do not recommend that this Court select the first, second, or fourth options on the basis of judicial efficiency. The Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations begins to run when the state court "judgment bec[omes] final by the conclusion of direct review." *See* 28 U.S.C. § 2244(d); (d)(1)(A). When, as here, a petitioner appeals his conviction, the judgment is final when (1) the state court of last resort has ruled and (2) the time for filing a petition to the U.S. Supreme Court—ninety days—has passed. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner therefore has until August 8, 2014 to refile his action and it seems likely he would do so, given his pursuit of appeals until this point. Dismissal of his Petition would therefore likely result in an unnecessary duplication of this action.

6

Likewise, it is inefficient to grant yet another stay to permit Petitioner to pursue exhaustion of Ground 4. Nor is the fourth option ideal -- as the Supreme Court has explained, strict enforcement of the exhaustion requirement is desirable because it "promotes comity and does not unreasonably impair the prisoner's right to relief. . . . *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Rockwell v. Yukins*, 217 F.3d 421, 425 (10th Cir. 2000)(explaining that ruling on a mixed petition is only appropriate where exceptional circumstances excuse the failure to exhaust the unexhausted claims.). The third option is most appropriate here, particularly in light of both Petitioner's wish to proceed with his exhausted claims and his lack of clarity as to whether he wishes for the Court to excise Ground 4. Therefore, Petitioner should be given thirty days to excise his unexhausted claim presented in Ground 4 proceed with his exhausted claims in Grounds 1-3.

## IV. CONCLUSION

As set forth above, I have found that Petitioner has failed to exhaust one of his four grounds for relief. Because his petition is mixed, I recommend that the Court allow Petitioner thirty days to voluntarily dismiss the unexhausted claim. If Petitioner fails to dismiss the unexhausted claim, I recommend that the Court dismiss his petition in its entirety.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**