IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


NICK ADAM TRUJILLO,

    Petitioner,

v.                                              Civ. No. 13-618 JCH/GBW

GERMAN FRANCO, THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## ORDER

This matter comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. *Doc. 1.* The Magistrate Judge filed his Proposed Findings and Recommended Disposition (PFRD) on November 18, 2013. *Doc. 16.* He found that Petitioner had filed a mixed petition containing both exhausted and unexhausted claims, and recommended that Petitioner be given thirty days to voluntarily dismiss his unexhausted claim or to provide evidence that he has properly exhausted that claim in state court. The Magistrate Judge recommended dismissal of Petitioner's action without prejudice if, after thirty days, Petitioner had not provided evidence of exhaustion or dismissed his unexhausted claim. Petitioner has filed no objections to the PFRD.

On December 12, 2013, Petitioner filed a motion to dismiss his unexhausted claim. *Doc. 17.* In that motion he also requested an evidentiary hearing and the appointment of an attorney to assist him in litigating his claim. *Id.*

Upon review of the record, I concur with the Magistrate Judge's findings and recommendations, and the Magistrate Judge's Proposed Findings and Recommended Disposition, *doc. 16*, is ADOPTED. I further GRANT Petitioner's Motion as it pertains to the dismissal of his unexhausted claim, Ground Four of his Petition.

Petitioner, however, is not entitled to an evidentiary hearing. In *Cullen v. Pinholster*, the Supreme Court explained that when adjudicating a § 2254(d)(1) petiton, "review [by the federal court] is limited to the record that was before the state court that adjudicated the claim on the merits. . . [i]t would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." 131 S.Ct. 1388, 1398-99 (2011). Moreover, the reasoning of *Cullen* "indicates that the same is true, *a fortiori*, to review under § 2254(d)(2), which explicitly states that the state-court decision must have been unreasonable 'in light of the **evidence presented in the State court proceeding**.'" *Black v. Workman*, 682 F.3d 880, 895 (10th Cir. 2012)(emphasis added).

It is unclear at this time whether Petitioner intends to bring his claims under § 2254(d)(1) or (2). But in either case, to the extent that the records Petitioner intends to

request are part of the state court record, Defendants have already been ordered to produce them. *Doc. 11.* Consideration of any other extrinsic evidence that Petitioner seeks to now add to the record is barred by *Cullen* and *Black*. Petitioner's request for an evidentiary hearing is DENIED.

Finally, Petitioner asks the Court to appoint an attorney to represent him. "There is no constitutional right to appointed counsel a § 2254 habeas proceeding. *Coleman v. Thompson,* 501 S.Ct. 2546, 2568 (1991). Rather, the appointment of counsel is left to the discretion of the district court. *Swazo v. Wyo. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 334 (10th Cir. 1994). While Petitioner moves the Court to appoint counsel under 18 U.S.C. 3006(A), that statute only applies to criminal proceedings, and post-conviction review "is not part of the criminal proceeding itself, and is in fact considered to be civil in nature." *Murray v. Giarratano*, 492 U.S. 1, 8 (1989). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Petitioner's request for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. Petitioner's motion contains a single line requesting counsel, with no further explanation as to why he should be entitled to counsel. His Petition does not present novel or complex legal claims. *Doc 1.* Further, his lengthy filing in this case up until this point indicates that he is capable of independently litigating this case. Based on the Court's own review, none of the *Thomas* factors support appointment of counsel. Petitioner's motion to appoint counsel is DENIED.

_____
UNITED STATES DISTRICT JUDGE