IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICK ADAM TRUJILLO,

    Petitioner,

v.                                          Civ. No. 13-618 JCH/GBW

GERMAN FRANCO, THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## ORDER OVERRULING OBJECTIONS AND ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD). *Docs. 19, 22*.

### I. BACKGROUND

Because the Magistrate Judge provides a thorough discussion of the factual and procedural background of this case in his PFRD, to which Petitioner does not object, the Court provides only a summary here.

On May 1, 2009, Petitioner was tried and found guilty of second-degree criminal sexual contact of a minor. *Doc. 8*, Ex. A at 1. At trial, the state presented evidence that, on or about January 28, 2008, Petitioner had caused his girlfriend's minor daughter, C.A., to touch him in a sexually intimate manner. *Id.*, Ex. F at 2-3. Petitioner was consequently sentenced to 23 years in prison. *Id.*, Ex. A.

1

Petitioner filed the instant petition under 28 U.S.C. § 2254 on July 3, 2013. *Doc. 1.* On November 18, 2013, the Magistrate Judge filed an initial PFRD (*doc. 16*), in which he opined that Petitioner had presented a mixed Petition containing exhausted and unexhausted claims. As such, the Magistrate Judge recommended that Petitioner be given the opportunity to dismiss the unexhausted claim. *Doc. 16* at 7-8. On December 12, 2013, Petitioner filed a motion in which he agreed to dismiss the unexhausted claim. *Doc. 17.*

On that basis, the Magistrate Judge filed a second PFRD on June 27, 2014, this time considering the merits of the Petition and recommending dismissal of the Petition. *Doc. 19.* Petitioner filed Objections to the PFRD on August 13, 2014. *Doc. 22.*

II.   STANDARD OF REVIEW

Once a party objects to the Magistrate Judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). Objections must be made with specificity; general or conclusory objections are insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). Because "the filing of objections . . . enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," only objections that are "sufficiently specific to focus the district court's attention" on the central disputes will be considered. *Id.* at 1059-1060. "Issues raised for the first time in objections to the magistrate judge's

2

recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

**III. ANALYSIS**

Petitioner makes a number of objections to the Magistrate Judge's PFRD. For the reasons set forth below, each of his objections is meritless.

**A. The Trial Court's Failure to Compel Detective Pitcock to Testify for the Prosecution was not a Due Process Violation**

Petitioner objects to the Magistrate Judge's conclusion that the trial court's failure to compel Detective Pitcock to testify as a witness for the state was not a due process violation. He urges that Detective Pitcock should have been made present "to be cross-examined in court." *Doc. 22* at 5. In the PFRD, the Magistrate Judge determined that "the trial court never excluded [Detective Pitcock's] testimony," because Petitioner remained free to subpoena him himself as a witness for the defense. *Doc. 19* at 8-9. Therefore, there was no due process violation.

In his Objections, Petitioner contends that his constitutional rights were violated because Detective Pitcock was "the main witness in the case, next only to the victim, . . . and the entire case is solely based on his report and investigation, as well as knowledge of the facts in the case." *Doc. 22* at 5. He contends that this "witness was critical to the case—period, having been the basis of the entire case presented." *Doc. 22* at 7-8.

Petitioner's objection is without merit. As an initial matter, his objection is simply a reiteration of his original argument that Detective Pitcock was the overseer of

3

the entire case and, therefore, a crucial witness. Petitioner does not point to any error of fact or law in the PFRD.

Moreover, despite Petitioner's insistence, the fact remains that Detective Pitcock was not actually critical to the case against Petitioner. The prosecution did not need Detective Pitcock's testimony to prove their case at trial. As discussed in the Magistrate Judge's PFRD, the state presented evidence sufficient to return a verdict of guilty based solely on the victim's testimony that Petitioner placed her hand on his unclothed intimate parts while his eyes were open. *See doc. 19* at 17.

Petitioner next urges that Detective Pitcock should have postponed his vacation and "done his duty to make himself available to be cross-examined in court." *Doc. 22* at 5. He claims that, in permitting Detective Pitcock to take vacation rather than testify, the trial court improperly found "that Detective Pitcock's rest and relaxation is more favorable, deserving or outweighs the Petitioner's right to freedom, justice and due process . . . ." *Doc. 22* at 5.

The trial court made no such assessment. As the Magistrate Judge explained, and as the Court noted above, the trial court refused to compel Detective Pitcock to testify for the state; it did not prevent Petitioner from calling him as his own witness. Therefore, the trial court never made the determination that Detective Pitcock's vacation was more important than Petitioner's right to due process and a fair trial.

In sum, Detective Pitcock could have been made available as a witness at trial in one of two ways: first, as a witness for the prosecution, whom Petitioner could have cross-examined; and second, as a witness for the defense. As to the former, the Magistrate Judge concluded that the trial court was under no obligation to compel Detective Pitcock to testify as a witness for the state, and Petitioner has presented no authority to the contrary. The Court agrees with the Magistrate Judge's findings and recommendation on that point. As to the latter, there was manifestly no constitutional violation because Petitioner was not prohibited from calling Detective Pitcock as his own witness.[1]

For the foregoing reasons, the trial court did not violate Petitioner's due process rights by failing to compel Detective Pitcock as a witness for the prosecution, and the state court's dismissal of this claim was neither contrary to nor an unreasonable application of the law.

## B. **Petitioner's Sixth Amendment Right to Confront Witnesses Against Him Was Not Violated**

Petitioner next objects to the Magistrate Judge's recommendation that the Court dismiss his confrontation clause claim as to Detective Pitcock. In the PFRD, Magistrate Judge Gregory Wormuth found that there was no confrontation clause violation in the trial court's refusal to call Detective Pitcock as a witness because "the right to confront

---

[1] Because Petitioner remained free to call Detective Pitcock as a witness, it was therefore up to his counsel whether he testified. The Court will consider Petitioner's related ineffective assistance of counsel claim in Section III.C, *infra*.

5

witnesses attaches only to those witnesses who actually testify against the defendant."
*Doc. 19* at 10 (internal quotation omitted).  Petitioner now asserts that "[s]tatements made by [Detective Pitcock] were offered into evidence, as his reports and investigation were the grounds of the case." *Doc. 22* at 9.  He argues that "if the prosecution held Det. Pitcock's reports, investigation and presentment of evedence [sic] as sufficient to present a case, then the Petitioner by law should have been afforded the right to 'defend' himself against this information." *Doc. 22* at 8.

Contrary to Petitioner's assertion, it does not appear that the trial court admitted any statements by Detective Pitcock into evidence.  In fact, the trial court explicitly excluded statements from Detective Pitcock's police report, stating that Detective Pitcock could have testified to this information himself had he been called as a witness. RP at 161; Trial Tr. May 1, 2009.  The record does not otherwise indicate that Detective Pitcock's report or any testimonial statements of Detective Pitcock were offered into evidence at trial.  Nor has Petitioner pointed to any specific statement that was improperly admitted.  *See 2121 E. 30th St.*, 73 F.3d at 1060 (objections must be "sufficiently specific to focus the district court's attention").  Therefore, Petitioner's objection is overruled.

C. **Petitioner's Counsel's Failure to Subpoena Detective Pitcock Was Not Constitutionally Deficient**

Petitioner also objects to the Magistrate Judge's conclusion that his counsel's decision not to subpoena Detective Pitcock as a witness for the defense did not amount

to ineffective assistance of counsel. He avers that "[i]f in fact the counsel was acting effectively, he would have either chosen to postpone the matter to allow Det. Pitcock to be present following his 'more important vacation,' or having been made well aware of his option to subpoena the case agent by the court, he should have then done so and asked that Det. Pitcock be subpoenaed. He did neither." *Doc. 22 at 11.*

### *1. Prejudice to Petitioner*

Petitioner insists that Detective Pitcock's testimony, if offered, would have affected the outcome of the trial. *E.g., doc. 22 at 8, 12.* He explains that "Det. Pitcock had first hand [sic] knowledge of the victim's prior false accusations, as well as documentation to that effect. This evidence along side [sic] the testimony of the victim's own mother . . . contradicting the victim's testimony . . . together would have most definatively [sic] have lead the jury to find the Petitioner not guilty." *Doc. 22 at 13.*

Prevailing on a claim of ineffective assistance of counsel requires showing *both* that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). As the Magistrate Judge explained in his PFRD, a court "may address the performance and prejudice components in any order, but need not address both if [Petitioner] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998). In his PFRD, the Magistrate Judge concluded that counsel's performance was not deficient and that Petitioner had failed to show

7

prejudice. However, the Court need not address both prongs of the *Strickland* analysis. Thus, even accepting as true Petitioner's contention that he was prejudiced by Detective Pitcock not testifying at trial, his claim still fails because he has failed to show that counsel's performance was deficient.

### 2. *Counsel's Representation was Reasonable*

The Court is persuaded by the Magistrate Judge's reasoning that Petitioner's claim fails because he has not shown that counsel's performance was deficient. Petitioner faces an extraordinarily high standard in alleging ineffective assistance of counsel via a motion under § 2254. "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* at 788 (internal quotations and citations omitted).

Petitioner first notes the Magistrate Judge's comment that "Petitioner's counsel presumably did not believe that Detective Pitcock's testimony would be beneficial." *Doc. 19* at 9. He objects to this point, asking why the Court should presume that counsel was acting strategically in not calling Detective Pitcock rather than presuming that counsel was, in fact, acting ineffectively. *Doc. 22* at 11. Similarly, in response to the reasons the Magistrate Judge listed for why

counsel may not have called Detective Pitcock, Petitioner argues that "[t]he issue is not whether to speculate to the favorableness of testimony either direction, but as to the speculation of the effectiveness of counsel and the speculation of tactics and trial strategy of defense counsel." *Doc. 22* at 12 (internal punctuation omitted).

The Magistrate Judge properly presumed that counsel's actions were based on tactical decisions rather than ineffectiveness because that is what the law requires.

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, ***a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance***; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (internal quotation omitted) (emphasis added). Because the Court *must* presume that counsel's actions were strategic rather than simply ineffective, it was proper for the Magistrate Judge to consider what defense counsel may have been thinking when he decided not to call Detective Pitcock as a witness. As long as there is "any reasonable argument that counsel satisfied *Strickland*'s deferential standard," Petitioner's claim must fail. *Harrington*, 131 S. Ct. at 788.

Finally, Petitioner objects to the Magistrate Judge's statement that Petitioner's counsel "remained free to subpoena Detective Pitcock" but "presumably did not believe that Detective Pitcock's testimony would be beneficial because he ultimately elected not to call him as a witness for the defense." *Doc. 19* at 9. Petitioner states that "this is clearly an assumption," because "if the defense counsel had thought that Det. Pitcock's testimony would 'not be beneficial' then why did counsel object and ask the court specifically to compel the witness to appear?" *Doc. 22* at 6.

Again, the Court must presume that counsel's actions were based on sound strategy. As the Magistrate Judge explained in his PFRD, it is one thing for counsel to object because he wanted Detective Pitcock available for cross-examination, but it is an entirely different matter for counsel to actually call him as a witness for the defense. *See doc. 19* at 13. Thus, defense counsel could have objected to the Court's failure to compel Detective Pitcock to appear as a witness for the prosecution, yet still have concluded that it would not have been beneficial to call him as a defense witness.

I agree with the Magistrate Judge's reasoning on this point, and overrule Petitioner's objection.

### D. **Petitioner's Claim of Suppression of Evidence is Waived**

In his Objections, Petitioner contends for the first time that, by failing to cause Detective Pitcock to appear at trial, "the evidence of the victim's prior false accusations,

known by Detective Pitcock, [was unconstitutionally] suppressed by the prosecution and then ultimately by the Court . . . ." *Doc. 22* at 8.

Because Petitioner raises this argument for the first time in his objections, it is waived, and the Court will not consider it. *See Marshall*, 75 F.3d at 1426.

### E. The Evidence was Sufficient to Support a Conviction

Petitioner objects to the Magistrate Judge's finding that the state court was not unreasonable in concluding that the prosecution had presented evidence sufficient to support his conviction. He claims that "had Det. Pitcocks [sic], Sylvia Montano, [and] other family members' testimony" been presented at trial, "the prosecution could in no way have presented to the jury—beyond a reasonable doubt— . . . each element of the offense." *Doc. 22* at 13-14.

Petitioner misunderstands the nature of a sufficiency of the evidence claim. The question is not whether the jury might have reached a different outcome had other evidence been presented. Rather, the question is merely whether, viewing the evidence "in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Garrison v. Tansy*, 949 F.2d 401, at *1 (10th Cir. 1991). In making this assessment, courts "do not assess the credibility of witnesses or weigh conflicting evidence since these tasks are exclusively those of the jury." *United States v. Brown*, 400 F.3d 1242, 1247 (10th Cir. 2005).

In essence, Petitioner claims that the testimony of witnesses to impeach the victim and her story would have altered the result at trial.  His argument therefore hinges on the relative credibility of the witnesses—an impermissible consideration for the Court.  *See Brown*, 400 F.3d at 1247.  The Magistrate Judge properly found that C.A.'s testimony alone was sufficient evidence from which a jury could conclude that all the elements of the offense of criminal sexual contact of a minor had been proven beyond a reasonable doubt.

For the foregoing reasons, Petitioner's objection is overruled.

### F.  **Petitioner Does Not Have the Right to an Evidentiary Hearing**

Finally, Petitioner contends that he has the right to an evidentiary hearing.  *Doc. 22* at 14.  Pursuant to *Cullen v. Pinholster*, this Court's review of a § 2254 motion "is limited to . . . the record before the state court."  131 S. Ct. 1388, 1398 (2011).  Therefore, evidence that would be adduced in a hearing in federal court is generally irrelevant.  Moreover, there do not appear to be any facts that are in dispute.  The parties do not dispute that the witnesses in question did not testify, nor do they dispute that counsel failed to subpoena Detective Pitcock as a witness for the defense.  Therefore, not only is it against the weight of the law to hold an evidentiary hearing, it is unnecessary.

### IV.  CONCLUSION

The Court has reviewed *de novo* the portions of the Magistrate Judge's proposed findings and recommendations to which Petitioner has made objections.  The Court

finds each objection to be without merit, and agrees with the Magistrates Judge's analysis. As such, the Court OVERRULES Petitioner's Objections (*doc. 22*) and ADOPTS the proposed findings and recommended disposition (*doc. 19*).

Wherefore, IT IS HEREBY ORDERED that the Petition for habeas corpus is DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE